## MARSH v. MARSH.

1. **Divorce:** CRUELTY: ADULTERY: ABANDONMENT: EVIDENCE. The evidence in this case considered, in which a divorce was sought by a wife on the grounds of cruelty, adultery and abandonment, and *held* that the decree of the trial court granting the divorce, disposing of the children, and providing for alimony, should be sustained.

### *Appeal from Wapello District Court.*

### FRIDAY, OCTOBER 24.

ACTION for a divorce on the the grounds of such inhuman treatment as to endanger the life of the plaintiff, adultery and willful desertion, and absence for more than two years without reasonable cause. There was a denial of the allegations of the petition, and in a cross-petition the defendant asked that he be granted a divorce on the grounds of abandonment, cruelty, and because the plaintiff had committed the crime of arson. The court found the defendant guilty of cruel and inhuman treatment toward the plaintiff, and of absenting himself from the plaintiff for more than two years at the time of the comencement of this suit, without reasonable cause, and that the plaintiff had failed to establish the charge of adultery. A decree of divorce was granted, and the care and custody of three children, daughters, was awarded to plaintiff. The defendant was given the care and custody of one child, a son, and alimony was awarded to the plaintiff. The defendant appeals.

*Williams, Jacques & Adler,* for appellant.

*H. B. Hendershott* and *John B. Ennis,* for appellee.

SEEVERS, J.—These parties were married in 1865, and lived together until 1878 or 1879, when they separated, and, as we understand, have not cohabited together as husband and wife since that time. This action was commenced in

1881, and, if the evidence of both plaintiff and defendant could possibly be believed, happiness, love, regard and family comfort ceased to exist in the family two or three years prior to the separation.

According to the evidence of both plaintiff and defendant, they each freely and frequently applied to the other epithets, in the presence of the children, too vulgar to be repeated. One has accused the other of adultery, and the other has accused his wife of the crime of arson, and both have attempted to establish such offenses in this action. As to the charge of adultery, we have to say there is much evidence tending to establish it. The plaintiff, to say the least, had reasonable grounds for suspicion, and that she made it in good faith, believing it to be true, we have no doubt. We will not say it has been established. It is not essential that we do so. The evidence introduced for the purpose of sustaining the charge of arson is clearly insufficient. We are impressed that the defendant could not have made the charge in good faith, believing it to be true. But, be this as it may, we feel sure that he did not have just and reasonable grounds upon which to base such belief. These parties did not live together for two years prior to the commencement of this action, and the simple question is whether the defendant had reasonable grounds for his absence, and was it willful? This depends upon the grounds or basis for the separation. The plaintiff testified that the defendant applied to her vulgar epithets, and emphasized them with oaths, and on several occasions struck her and threatened to kill her. The defendant admits that he, on one occasion, struck his wife with a whip, and his counsel say he was justified in so doing, because of the conduct of the plaintiff, which preceded the blow or assault. According to the defendant's evidence, it must be admitted that her conduct was quite aggravating, to say the least, but we cannot believe the defendant was justified in striking his wife with a whip, or anything else. We are not prepared to say that there can be any justification for such conduct.

The evidence of the plaintiff and of the defendant is conflicting, but that of the former is corroborated by the evidence of Millie Marsh, who, when her evidence was taken, was at least sixteen years of age, and also by one or more other witnesses, to some extent, at least. If the evidence of Millie Marsh is to be believed, the conduct of the defendant to his wife was brutal in a degree which cannot be tolerated, and constitutes ample justification for the finding and the decree of the district court. We cannot disregard this evidence, or say that Millie Marsh has not stated in substance the actual facts that occurred. It may be, as we think, that she colored them to some extent, and that her father is not as bad as she has described him. But she could not, we think, have made the story out of whole cloth, and sustained herself as well as she did on cross-examination. We do not deem it necessary to refer to the other evidence, which tends in a greater or less degree to corroborate that of the plaintiff, whose conduct has not been entirely blameless. On the contrary, we are forced to believe, from the evidence, that she is a vulgar woman, and in some respects a fit match for her husband. But no good could possibly result if we should deny a divorce, and it might be that harm would result if these parties should, in the future, be compelled to sustain towards each other the relation of husband and wife. We do not think the conduct of the plaintiff has been such that we would be justified in holding that, because of such conduct, she is not entitled to a divorce.

Complaint is made that the amount allowed the plaintiff as alimony is too large; but we think not. It is fairly sufficient. Counsel for the plaintiff ask that they may be allowed $300 for their services in this court, and that we order and direct the defendant to pay the same. Taking into consideration the temporary and permanent alimony allowed, and the amount the defendant has paid her counsel, we think any additional sum they may be entitled to must be paid by the plaintiff. AFFIRMED.